cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PULSE ENGINEERING, INC., a Delaware corporation, | ) ) ) | Civil No. 08cv0595 JM (AJB) |
| Plaintiff, | ) ) | ORDER GRANTING JOINT MOTION FOR STIPULATED PROTECTIVE |
| v. | ) ) | ORDER |
| MASCON, INC., a Massachusetts corporation dba ATW SECURITY, | ) ) ) | |
| Defendants. | ) ) | |
| AND ALL RELATED COUNTER-CLAIMS. | ) ) | |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Stipulated Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.  THERE-FORE:

1. <u>Designated Material</u>.

Provided that it meets the requirements of this paragraph below,

(i) any information or material produced, formally or informally, in response to a discovery request, including, without limitation,

    a. depositions,

    b. documents, information or things produced in response to requests for production of documents or things or in response to a subpoena,

    c. answers to interrogatories,

    d. responses to requests for admissions, and

    e. all other discovery taken pursuant to the Federal Rules of Civil Procedure, and

(ii) any information or material produced pursuant to any disclosure obligations imposed by the Federal Rules of Civil Procedure or the Court's Local Rules,

(iii) any information or material disclosed or produced in connection with this action on an informal basis, and

(iv) any material filed with the Court

may be designated for protection under this Order ("Designated Material"). Designations for protection under this Order may be made by a "Designating Person," defined herein to include (1) the person or entity producing, filing or disclosing or providing the Designated Material, including third parties, (2) any person or entity whose employee or representative produces, files, discloses, or provides the Designated Material, or (3) any party or third party if the Designated Material is produced, filed, disclosed, or provided by a third party, if the designating party or third party claims ownership of the Designated Material or an obligation to protect the confidentiality of the Designated Material. Nothing in this Order shall limit a party's right to use, copy, or disclose its own Designated Material, and nothing in this Order restricts the use, copying, or disclosure of Designated Material by the person or party who produced the Designated Material. All information or material derived from Designated Material by a person who received the Designated Material under this Order shall be subject to the same protections of this order as the Designated Material. The

08cv0595

designation shall be either (1) "CONFIDENTIAL" or (2) "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

For purposes of this Order, "CONFIDENTIAL INFORMATION" means any confidential or proprietary technical, scientific, or business information that is not generally known and which the Designating Person normally would maintain in confidence and not reveal to a third party.  By way of example, and not limitation, CONFIDENTIAL INFORMATION may include trade secret or other confidential research, development, or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure.   Any information that is derived from CONFIDENTIAL INFORMATION also constitutes CONFIDENTIAL INFORMATION to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL INFORMATION.  Before designating all or any portions of any document or information "CONFIDENTIAL," the Designating Person or its counsel shall make a good faith determination that protection is warranted under Rule 26(c) of the Federal Rules of Civil Procedure.

As a general guideline, material may be designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" only if it (1) constitutes a trade secret or meets the definition of "CONFIDENTIAL" material and (2) is of a particularly sensitive business or technical nature that would provide a significant advantage to competitors, including for example and without limitation, computer software and code, financial terms of licensing agreements, schematics for products that are currently in development, business plans, new product development, new business development, trade secrets, data and data formats, competitor market analyses, customer lists, internal financial/accounting information, operations information, agreements with sales representatives, pricing information, business relationships with third parties, and technical information relating to the design, development, manufacture, and operation of any Designating Person's systems.

08cv0595

2.   <u>Access to Designated Material.</u>

A party or its counsel that receives Designated Material (a "Receiving Party") shall not disclose the Designated Material except as expressly permitted in this Order.  A Receiving Party shall not disclose or use Designated Material for any purpose (including without limitation, business, technical, or patent prosecution purposes) other than the litigation of this action.  A Receiving Party may produce, provide, disclose, or summarize Designated Material only as follows:

a.   <u>Parties</u>.  A Receiving Party may disclose material or information designated "CONFIDENTIAL" to (i) no more than three (3) officers, directors, and/or employees (other than in-house counsel) of the Receiving Party provided that any such person to whom such material or information is disclosed has signed an Undertaking in the form of Exhibit A hereto and (ii) to those individuals to whom material designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be disclosed under the terms of the sub-paragraphs below.

b.   <u>Counsel</u>.  A Receiving Party may disclose material designated "CONFIDEN-TIAL—ATTORNEYS' EYES ONLY" to outside counsel of record for the Receiving Party, their legal associates, their regularly employed office staffs, and any contractors hired by outside counsel of record for a business purpose (*e.g.*, independent photocopying service, but not technical or damages-related consultants, who are discussed below).

c.   <u>Outside Consultants</u>.  A Receiving Party may disclose all Designated Material to consultants (and the staff of consultants) expressly engaged to assist outside counsel of record in this litigation (except jury consultants and mock jurors, who are discussed below), provided that any such consultant has signed an Undertaking in the form of Exhibit A hereto, which is received by counsel for the opposing party and by the Producing Party and the Designating Person at least ten (10) days prior to the disclosure.  Before disclosing any Designated Material to an expert or consultant, counsel shall provide to the other parties a copy of a resume or curriculum vitae describing in detail (1) the expert or consultant's employment history, and (2) every litigation-related consulting relationship in which such expert or consultant is currently engaged or has been engaged in the past four years, and (3) a description of any relationship between the consultant and

each party in the last four years.  Consultants shall not be current or former officers or directors of a party.  Consultants shall not be current employees of a party.  A party shall not retain as a consultant an individual who was an ex-employee of another party who left such employment less than three (3) years ago; provided, however, that a notified party may still object to the employment of an ex-employee who left employment more than three (3) years ago, so long as such objection is made in accordance with and in time period set forth below for objections to outside consultants. The notified parties shall have ten (10) business days from receipt of the notice to deliver to the notifying party written objections, if any, setting forth in detail the reasons therefore.  Upon timely objection, disclosure of Designated Material to the consultant shall not be made, subject to a successful motion for relief brought by the party seeking disclosure.  Absent timely objection, the consultant shall be deemed approved.  However, a Receiving Party shall not disclose Designated Material to such consultants until after the ten (10) day period for objection has lapsed.  Employees and staff of a consultant working under his control, and not themselves consultants, are not required to sign an Undertaking in the form of Exhibit A.

    d. <u>Court Personnel</u>.  All Designated Material filed with the Court may be disclosed to and viewed by the Court, appropriate Court personnel, and Court reporters as necessary without the need of further order of this Court.

    e. <u>Authors and Addressees</u>.  A Receiving Party may disclose documents designated "CONFIDENTIAL," or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to:

(i) any person who appears as an author or addressee on the face of the document or any person who has been established as an author of the Designated Material by other proof; or (ii) any officer, director, regular employee or attorney (including legal assistants and regularly employed office staff) of the party producing the document or Designating Person.  As to persons identified in item (i), unless a person appears as an author or addressee on the face of the document, the person's status as an author or recipient of a confidential document shall be established before the document is disclosed to that person.

08cv0595

f.  <u>Court Reporters and Videographers</u>.  Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree to be bound by this Order by signing an Undertaking in the form of Exhibit B for court reporters and videographers, before recording or transcribing or translating any such testimony including or discussing Designated Material, and shall agree that all such Designated Material revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter or transcriber, except to the counsel of record for each party and any other person who is present when such testimony is being given, and that copies of any transcript, reporter's notes, or any other transcription record of any Designated Material shall be retained in confidence and safekeeping by such reporter or videographer, or shall be delivered to the undersigned attorneys.

g.  <u>Other Persons</u>.  All Designated Material may be disclosed to other persons who are subsequently designated by agreement of the parties, or by order of the Court upon motion by a party.

h.  <u>Jury Consultants and Mock Jurors</u>.  A Receiving Party may disclose all Designated Material to jury consultants engaged by the Receiving Party and to mock jurors engaged by any jury consultant in preparation for trial, provided that (i) no such persons are officers, directors, or employees of any of the parties to this action; (ii) that any such jury consultants sign an Undertaking in the form of Exhibit A hereto; (iii) that any such mock jurors agree in writing to keep all information obtained during the mock proceeding confidential ("Confidentiality Agreement"); (iv) that such Undertakings and Confidentiality Agreements be retained under the control of counsel until final termination of this action; and (v) that no Designated Material of another party shall be left in the possession of any mock juror.

i.  <u>Jurisdiction</u>.  Each person to whom all or part of the Designated Material is disclosed or otherwise furnished agrees to subject himself/herself to the jurisdiction of the Court in which this action is pending for the purpose of proceedings relating to the performance under, compliance with or violation of this Protective Order.

08cv0595

3.      <u>Use of Designated Materials</u>

A Receiving Party shall not use Designated Material for any purpose (including, without limitation, business, technical, or patent prosecution purposes) other than the litigation of the above captioned litigation.  This limitation on the use of Designated Material includes not using Designated Material to draft, modify, or amend patent applications and/or claims to cover processes of the party producing the Designated Material.  To effectuate this limitation on the use of Designated Material, each person to whom all or part of the Designated Material is disclosed or otherwise furnished under this Order, including without limitation outside counsel and consultants, is barred by this Court from the preparation or prosecution of any U.S. or foreign patent applications, including continuation, continuation-in-part, divisional, or reissue patent applications in the subject area (including but not limited to technology concerning stored value cards and processing stored value card transactions) of this litigation from the time that he or she receives the Designated Material until one year following the entry of a final, non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

4.      <u>Copies</u>.

Copies and extracts of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information may be made by or for persons qualified to see such Designated Material or by a vendor retained for that purpose, provided that all copies and extracts are appropriately marked.  Copies of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information may only be made where reasonably necessary to prepare work product or conduct proceedings in this litigation.  All copies and extracts are subject to paragraph 13 of this Order.  Any transmission of an electronic document, including but not limited to e-mail, shall include at the beginning of the text of the e-mail the following:

THIS TRANSMISSION CONTAINS MATERIALS DESIGNATED "CONFI-DENTIAL" OR "CONFIDENTIAL—ATTORNEYS' EYES ONLY" UNDER A PROTECTIVE ORDER.

08cv0595

5.     <u>Custody of Designated Materials</u>.

Documents containing information designated "CONFIDENTIAL", or "CONFIDEN-TIAL—ATTORNEYS' EYES ONLY" and notes or other records regarding such information shall be stored or viewed only at: (i) the offices and domiciles of counsel as defined in paragraph 2.b, or in other locations as long as such documents and information are in the possession and control of counsel as defined in paragraph 2.b; (ii) the site where any deposition relating to the information is taken; (iii) the business location of a jury consultant and the site or sites where jury research is conducted; (iv) the Court; (v) any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to the deposition); or (vi) the offices of court reporters and videographers as necessary.  Copies of documents containing information designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may also be stored or viewed at the business location or domicile of the independent expert or consultant approved under Paragraph 2 of this Order.  A person having custody of any Designated Materials shall maintain it in a manner that limits access to qualified persons.

6.     <u>Designating Material</u>.

Material in paper form (including, without limitation, production documents and written discovery responses) shall be designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by placing an appropriate legend on each page prior to production or service.  For all other tangible or physical Material, a person or party who produces the Material may produce the Material labeled or stamped "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and, at the time of production, provide written notice to all parties of the designation.  Material not reduced to documentary, tangible or physical form or which cannot be consequently designated in the manner set forth herein shall be designated by the Producing Party by informing the Receiving Party in writing.  Material produced in electronic form may be designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by placing an appropriate legend on the physical medium containing the electronic information (such as a CD-ROM or external hard drive), by notifying the recipient of the designation in writing, including by electronic transmittal, or, if the electronic information is in the form of an image, by placing an appropriate legend on the image.  Within thirty (30) days after receipt of Material, a person or party who is not the producer of the Material may designate the Material for protection by providing written notice to all parties and to the Producing Party identifying the Material as "CONFIDENTIAL" or "CONFIDEN-TIAL—ATTORNEYS' EYES ONLY."  Any party designating Material for protection who is not the producer of the Material is responsible for providing an appropriately labeled or stamped version of the Material to all other parties or providing services to label or stamp produced Material.

08cv0595

7.     Designating Depositions.

Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" either: (i) when or before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after receipt of the transcript, if counsel has ordered the transcript, or if counsel has not ordered a transcript, within ten (10) days after the court reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person.  From the date of the deposition to the expiration of ten (10) business days referred to above, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Where testimony is designated at a deposition, all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this Order shall be excluded, except in-house counsel for a deponent who is an employee of a party shall be permitted to remain.

Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

8.     Late Designations.

In addition to the designations described in Paragraphs 7 and 8, any person or party may at any later time designate Material for protection under this order by written notice to all parties.  All parties and persons who receive any such "late" notice shall thereafter treat the Materials in accordance with the designation.  The failure to designate Materials in accordance with Paragraphs 7 and 8 may be considered in any challenge to the designation.  Any party designating Material for protection after the time period specified in Paragraphs 7 and 8 is responsible for providing an appropriately labeled or stamped version of the redesignated Material to all other parties or providing services to label or stamp produced Material.

08cv0595

9.    <u>Filing with the Court</u>.

Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, exhibits, or other documents which are designated as comprising or containing information that is "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or any pleading or memorandum purporting to reproduce or paraphrase such information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal.  The parties will follow and abide by applicable law, including Civ. L.R. 7.3, with respect to filing documents under seal in this Court.

10.    <u>Objections</u>.

A party may challenge any designation under this Order at any time.  A challenge may be made by the party serving on all parties and the Designating Person either a captioned notice of objection or a letter, which shall identify with particularity the items as to which the designation is challenged and propose a new designation (or no designation) for each item and state the reason for the challenge.  If the Designating Person fails to redesignate the material within ten (10) business days (or thirteen (13) business days if service is by mail) and after a good faith meet and confer (or an attempt to do so), the objecting party may file and serve a motion for an order of the Court redesignating the material.  The Designating Person shall have the burden of showing why the Designated Material warrants protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  The original designation shall remain effective until three (3) days after entry of an order redesignating the materials. Failure to challenge a designation shall not be deemed a waiver of the right subsequently to do so.

08cv0595

11.   Third Parties.

a.   Third Party Confidentiality.  When a discovery request, subpoena or deposition question calls for otherwise discoverable information that is subject to an obligation of confidentiality owed to another, that is not a parent, subsidiary or affiliate of the party having the obligation of confidentiality, the party to whom the discovery request, subpoena or deposition question is directed shall promptly, and no later than seven (7) calendar days after determining that the discoverable information is subject to an obligation of confidentiality owed to another, and in no event later than seven (7) calendar days after written responses are due to a discovery request or subpoena:

(1)   identify to the party seeking the information the name and address of each person whose confidentiality interests are implicated by the discovery request, subpoena or deposition question, or, if the identity of the third party itself is confidential, the existence of third party confidentiality obligations, and

(2)   provide to each such person whose confidentiality interests are implicated:

(a)   notice of such discovery request, subpoena or question seeking disclosure of materials or information held under obligations of confidentiality; and

(b)   a copy of this Protective Order.

The party to whom the discovery request, subpoena, or deposition question has been directed (the "Producing Party") shall produce responsive information (or in the case of a deposition question, answer the deposition question) if the person whose confidentiality interests are implicated does not formally object in writing to counsel for either the Receiving Party or the Producing Party within fourteen (14) calendar days of being notified of the request, or unless the party from whom the information is requested seeks a protective order from the Court preventing such disclosure.  If the notice is returned to the Producing Party, with no copy to the Receiving Party, then the Producing Party shall forward the notice to the Receiving Party within a day of receipt.  If the person with the confidentiality interest moves for a protective order, then there shall be no disclosure until the Court rules on such a motion, and then only in accordance with such ruling.  If the person with the confidentiality interest objects in writing within fourteen

(14) calendar days but does not move for a protective order, then there shall be no disclosure until the Receiving Party moves to compel the production of such information.

b.      Requests From Third Parties.  In the event any party having possession, custody or control of any Designated Material receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such party shall immediately notify counsel for the Designating Person of the subpoena or other process or order, furnish counsel for the Designating Person with a copy of said subpoena or other process or order in sufficient time within which the Designating Person may take the necessary steps to quash or otherwise object to the subpoena, and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Person whose interests may be affected. The Designating Person asserting the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation shall have the burden of defending against such subpoena, process or order.  The party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Designating Person asserting the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation has promptly notified the party receiving the subpoena or other process or order of its intent to take immediate legal action to quash the subpoena, in which case the party shall not produce such documents while such legal proceedings are pending or the Designating Person is successful in obtaining an order modifying or quashing the subpoena or other process or order.

12.      No Prejudice.

Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

Unless the parties stipulate otherwise, evidence of the existence or non-existence of a

08cv0595

designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action or any other action.

Nothing in this Order shall preclude any party to the lawsuit or their attorneys from disclosing or using, in any manner or for any purpose, any information or documents that the party itself has designated and that are confidential only to that party itself.

Designation or acceptance of any information designated pursuant to this Protective Order shall not constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

13.   <u>Final Disposition</u>.

Upon final termination of this action and at the written request of the person designating or producing the material, (1) all Designated Material actually produced shall be returned to counsel of record for the person that produced the material or, at the Receiving Party's option, shall be destroyed, (2) all other Designated Material (including copies of Designated Material in the form as produced and all reports and derivations containing Designated Materials) shall be destroyed, and

(3) the Receiving Party shall provide to the Designating Person a written certification that all such materials have been destroyed within ninety (90) calendar days of the written request. Notwithstanding the foregoing, counsel of record may retain pleadings, attorney and consultant work product, depositions, transcripts and exhibits for archival purposes. Any Designated Material that constitutes tangible things, including but not limited to any product exemplars, other than commercially available products purchased by the Receiving Party, shall be returned to the Producing Party upon final termination of this action.

14.     <u>Inadvertent Designation or Disclosure</u>.

The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of confidentiality or secrecy under any applicable law, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Any error in designation shall be corrected within a reasonable time after the Designating Person becomes aware of the error.  If the information has been disclosed prior to the corrected designation, then that disclosure shall be treated under Paragraph 16 of this Order.  Additionally, if a party inadvertently produces privileged information, and requests in writing the return of that information within ten (10) days of discovering the inadvertent production, stating with the request the nature of the privilege being asserted, said production will not constitute a waiver of the privilege, and the disclosure shall be treated pursuant to Paragraph 16 of this Order.  Neither party may assert that inadvertent production of a privileged document by the opposing side is a waiver of the privilege associated with the document.

15.     <u>Modifications and Survival</u>.

The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties or by order of this Court.  This Order shall survive termination of this action and this Court retains jurisdiction of the parties hereto, and of any person who executes a copy of Exhibit A or Exhibit B **for a period of three years after the termination of the action**, **only** ,as to any dispute between any of them regarding the improper use of information disclosed pursuant to this Order.

08cv0595

16.     <u>Improper Disclosures</u>.

If Designated Materials are disclosed to any person other than in the manner authorized by this Order, then the party, third party, or person responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the Designating Person, and shall make every effort to prevent further improper disclosure.  The disclosing party will make a good faith effort to retrieve all copies of the information including any notes regarding the information from any person that would not be permitted to see the information under its new designation. In the event of inadvertent disclosure of privileged information, the other party will promptly return all copies of the documents and destroy any notes made regarding the information.  If the party receiving the inadvertent disclosure wishes to challenge the validity of the privilege claim, then they may only do so after they have fully complied with the requirements of this paragraph.

17.     <u>Limitations</u>.

Nothing in this Stipulation and Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information, provided counsel does not disclose "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information in a manner not specifically authorized under this Stipulated Protective Order.

Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply or shall cease to apply to any information that:

a.     at the time of disclosure, was generally available to the public by publication or otherwise;

b.     since the time of disclosure, has become, through no act, omission or failure to act on the part of the Receiving Party, generally available to the public by publication or otherwise;

c.     at the time of disclosure, was already in the possession of the Receiving Party without obligation of confidentiality, and was not acquired directly or indirectly from the Designating Person or from any third party under obligation of confidence to the Designating Person;

16

d.      after disclosure, was acquired by the Receiving Party without obligation of confidentiality from a third party lawfully possessing the same and having no obligation of confidence to the Designating Person hereunder; or,

e.      the Designating Person agrees in writing that the material may be disclosed to a third party under no obligation of confidentiality.

18.    <u>Discovery Only</u>.

This Order governs discovery only.  At trial, the parties will redesignate or redact confidential designations as deemed appropriate or as ordered by the Court.  In hearings in which "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" material is specifically discussed, all persons not qualified to see the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" material shall be excluded.

This Order shall not be deemed a waiver of and shall not affect any party's right:

a.      to object to any discovery requests on any ground;

b.      to seek an order compelling discovery; and

c.      to object to the admission of any evidence on any ground.

The mere execution by a Consultant of an Undertaking shall not render the identity of that person discoverable, and the mere qualification of a Consultant shall not render the opinions and analysis of that consultant discoverable.

IT IS SO ORDERED.


DATED:  August 19, 2008


_____

Hon. Anthony J. Battaglia

U.S. Magistrate Judge

United States District Court

17

**EXHIBIT A**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSE ENGINEERING, INC., a Delaware corporation, | Case No.        08cv0595 JM AJB |
| Plaintiff, | |
| v. | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| MASCON, INC., doing business as ATW SECURITY, a Massachusetts corporation, | |
| Defendant. | |

I hereby acknowledge that I have read the Stipulated Protective Order dated
_____, entered in the United States District Court for the Southern District of California, in
the action entitled PULSE ENGINEERING, INC. V. MASCON, INC., Case No. 08-cv-0595-JM-AJB, and
I agree to be bound by it and to treat material designated "CONFIDENTIAL" or "CONFIDEN-
TIAL—ATTORNEYS' EYES ONLY" (if applicable) as required by that Order.  I agree to use material
produced in this litigation solely for purposes of this litigation.  I understand and agree that I am hereby
barred by this Court from the preparation or prosecution of any U.S. or foreign patent applications, including
continuation, continuation-in-part, divisional, or reissue patent applications in the subject area (including
but not limited to technology concerning stored value cards and processing stored value card transactions)
of this litigation from the time I receive the Designated Material until one year following the entry of a final,
non-appealable judgment or order or the complete settlement of all claims against all parties in this action.
I also agree that I am subject to the personal jurisdiction of the above-named Court for proceedings relating
to compliance or violation of the Order.

Dated: _____     _____
                                                                          Signature

Name: _____

Title: _____

Employer: _____

Address: _____

08cv0595

**EXHIBIT B**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSE ENGINEERING, INC., a Delaware corporation, | Case No.      08cv0595 JM AJB |
| Plaintiff, | |
| v. | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| MASCON, INC., doing business as ATW SE-CURITY, a Massachusetts corporation, | |
| Defendant. | |

I hereby acknowledge that I have read the Stipulated Protective Order dated _____, entered in the United States District Court for the Southern District of California, in the action entitled PULSE ENGINEERING, INC. V. MASCON, INC., Case No. 08-cv-0595-JM-AJB, and I agree to be bound by it and to treat material designated "CONFIDENTIAL" or "CONFIDEN-TIAL—ATTORNEYS' EYES ONLY" (if applicable) as required by that Order.  I am not affiliated with any party in the above-referenced action.  I agree to use material produced in this litigation solely for purposes of this litigation.  I understand and agree that I am hereby barred by this Court from the preparation or prosecution of any U.S. or foreign patent applications, including continuation, continuation-in-part, divisional, or reissue patent applications in the subject area (including but not limited to technology concerning stored value cards and processing stored value card transactions) of this litigation from the time I receive the Designated Material until one year following the entry of a final, non-appealable judgment or order or the complete settlement of all claims against all parties in this action.  I also agree that I am subject

to the personal jurisdiction of the above-named Court for proceedings relating to compliance or violation of the Order.

Dated: _____     _____

                                                     Signature

Name: _____

Title: _____

Employer: _____

Address: _____