# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSE ENGINEERING, INC., a Delaware corporation,<br><br>                              Plaintiff,<br><br>     vs.<br><br>MASCON, INC. dba ATW SECURITY, a Massachusetts corporation,<br><br>                              Defendant. | CASE NO. 08cv0595 JM (AJB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S EXTRINSIC EVIDENCE AND ALTERNATE CLAIM CONSTRUCTION**<br><br>**Doc. Nos. 23 and 25** |

Plaintiff Pulse Engineering, Inc. ("Pulse") filed this action on April 1, 2008, alleging infringement of two patents by Defendant Mascon, Inc. ("Mascon"). (Doc. No. 1.) Mascon counter-claimed for declaratory relief of non-infringement and patent invalidity. (Doc. No. 4.) On August 27, 2008, Magistrate Judge Anthony J. Battaglia issued a Claims Construction Scheduling Order ("Scheduling Order"), detailing the disclosure obligations of the parties in anticipation of a Claims Construction Hearing on February 23, 2009. Pending before the court is Pulse's motion to exclude from the claims construction proceedings certain items of Mascon extrinsic evidence and an alternate claim construction. (Doc. Nos. 23 and 25.) Mascon submitted an opposition to the motion (Doc. No. 26) and Pulse filed a timely reply (Doc. No. 28). The matter was taken under submission by the court pursuant to Civil L.R. 7.1(d) on January 16, 2009.

//

**I. Background**

Pursuant to Patent L.R. 4 and the Scheduling Order, the parties were ordered to "simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause" identified by the parties on or before November 12, 2008. (Doc. No. 14 at 4:16-18.) The parties were also required to "provide a preliminary identification of extrinsic evidence" and "identify each such item of extrinsic evidence by production number or produce a copy" thereof. (Doc. No. 14 at 4:22-26.) Further, the parties were to "provide a brief description" of any proposed testimony from percipient or expert witnesses. (Doc. No. 14 at 4:23-24, 26-27.) Separately, the order required the parties to prepare a Joint Claim Construction Chart, Worksheet, and Hearing Statement to file on or before December 10, 2008. (Doc. No. 14 at 5.) In those documents, the parties were again to identify supporting extrinsic evidence, and for any proposed expert witness, to provide "a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert." (Doc. No. 15 at 6.)

In its Proposed Claim Construction, Mascon offered a list of ten literature references as supporting extrinsic evidence. No specific pages were identified for any of the ten references, and for most, only copies of title and bibliography pages were produced. (Doc. No. 25 at ¶ 3; Decl., Exh. A-1.) Mascon only produced content from publications by Horowitz and Hill (pages 30-32 and 654-656),[1] Zverev (pages 1-30),[2] and Newton (pages 454 and 623).[3]

As part of its contribution to the Joint Claim Construction documents, Mascon again listed the references by Horowitz (now citing to the entire book but producing nothing new), Zverev (citing pages 1-22 only), and Newton. Mascon also reiterated a citation to Van Valkenberg (but produced only the title and bibliography pages)[4] and added a previously undisclosed citation to Ruston and

---

[1] PAUL HOROWITZ & WINFIELD HILL, THE ART OF ELECTRONICS (1980) ("Horowitz reference").

[2] ANATOL I. ZVEREV, HANDBOOK OF FILTER SYNTHESIS (1967), pp. 1-22 ("Zverev reference").

[3] HARRY NEWTON, NEWTON'S TELECOM DICTIONARY, 7th ed. (1994) ("Newton reference").

[4] M. E. VAN VALKENBERG, ANALOG FILTER DESIGN (1982) ("Van Valkenburg reference").

1  Bordogna.[5]  (Doc. No. 25 at 5-6; Decl. of Kristopher L. Reed ("Decl."), Exh. A-1; Doc. No. 28 at 4.)
2  No part of the Ruston reference was submitted to Pulse.  (Doc. No. 25 at 4.)

3  In the Preliminary Claim Construction provided to Pulse on November 12, 2008, Mascon
4  identified an expert witness, Professor Acampora, to give supporting extrinsic evidence.  (Doc. No.
5  22-2 at 2.)  For each patent term on which the expert is to opine, Mascon disclosed simply that the
6  witness "may testify concerning the meaning of the term to one of skill in the art in the context of the
7  '347 patent," one of the two patents at issue.  For the later-prepared Joint Claim Construction
8  documents, Mascon did provide a more detailed description of the expert's proposed testimony; Pulse
9  makes no objection to these later disclosures.  (See Doc. Nos. 20-2 and 22-2, throughout.)

10  On November 17, 2008, Pulse sent a letter to Mascon identifying the perceived deficiencies
11  in the November 12 disclosures and asking Mascon to cure such deficiencies.  (Doc. No. 25 at 3:17-
12  19.)  Mascon did not respond to the letter.  (Doc. No. 25 at 3:23-24.)

13  Additionally, on December 10, 2008, the day the parties were to file the Joint Claim
14  Construction documents, Mascon sought to add a previously undisclosed alternate construction for
15  the term "formed of."  (Doc. No. 25 at 4.)  Pulse objected to the inclusion of the alternate construction
16  in the joint documents, and Mascon now asks the court to consider it for claim construction purposes.
17  (Doc. No. 20 at 2; Doc. No. 22 at 2.)

18  In its moving papers, Pulse asks this court to exclude the references and portions thereof which
19  were not timely disclosed or produced by Mascon and to exclude expert testimony from Mascon's
20  proposed expert for failure to provide adequate preliminary disclosure of the substance of the offered
21  testimony.  Pulse argues it was prejudiced in its ability to prepare Responsive Claim Constructions
22  by Mascon's alleged failure to comply with the court's Scheduling Order and the Patent Local Rules.
23  //
24  //
25  //
26  //
27

---

28  [5]HENRY RUSTON & JOSEPH BORDOGNA, ELECTRIC NETWORKS: FUNCTIONS, FILTERS, AND ANALYSIS (1967) ("Ruston reference").

**II. Discussion**

   **A. Legal Standards**

Federal Circuit law governs the interpretation of the local patent rules at issue in this case. See 02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1364 (Fed. Cir. 2006)(Federal Circuit law governs interpretation of local rules which apply only to patent cases and "directly affect the substantive patent law theories" presented by the parties).

The relevant local patent rules here are "essentially a series of case management orders." See Integrated Circuit Sys. v. Realtek Semiconductor Co., 308 F.Supp.2d 1106, 1107 (N.D. Cal. 2004)(referring to analogous Northern District patent rules). The deadlines for exchange and submission of claim construction materials were set in the court's supplemental case management order, referred to above. (Doc. No. 14.) In addressing non-compliance with scheduling orders, the district court may "impose any 'just' sanction..., including...'prohibiting [a] party from introducing designated matters into evidence." 02 Micro Int'l, 467 F.3d at 1363 (citing Fed.R.Civ.P. 16(f) and 37(b)(2)(B)). Such sanctions are particularly appropriate "where the undisclosed information is significant and the party failing to make the timely disclosure lacked diligence." MGM Well Serv., Inc. v. Mega Lift Sys., LLC, 2007 WL 433283 (S.D.Tex. 2007) (citing 02 Micro Int'l, 467 F.3d at 1369).

   **B. Discussion**

Pulse characterizes its motion as a request under Fed.R.Civ.P. 16(f) for sanctions for alleged violations of a scheduling order. However, this is a discovery and disclosure dispute and triggers the proscriptions of Fed.R.Civ.P. 37. Before raising the issue before the court, Pulse was obligated to make a good faith effort to "meet and confer" to resolve the dispute. Mascon offers that Pulse's failure in this regard gives the court sufficient reason to deny the motion. (Doc. No. 26 at 5.) The court agrees, but also looks to the merits of the motion as set forth below.

   **1. Publications**

As described above, Mascon has repeatedly altered the list of references on which it intends to rely for claim construction purposes and its production of cited references was spotty. Pulse contends this failure to comply with the court's disclosure and production requirements prejudiced

Pulse's ability to prepare its Responsive Claim Constructions. Pulse asks this court to exclude from the claim construction proceedings the Ruston and Van Valkenberg references in their entirety and the Horowitz reference beyond the six substantive pages produced.[6] In response, Mascon now claims it intends to rely solely on the pages of the three references it did produce properly (the Horowitz, Zverev, and Newton references). (Doc. No. 26 at 6.) Mascon urges the court to deny the motion to exclude other references as moot.

Under Patent L.R. 4, parties must provide adequate and timely disclosure of extrinsic evidence they will rely on during claim construction hearings. This requirement serves to focus the issues, not only for the parties but also for the court. Exchanging information that is vague, confusing, incomplete, or replete with extraneous information creates unnecessary delay and complication, contrary to the court's case management goals. Although Mascon's disclosures were incomplete, inconsistent, and confusing, Pulse has received disclosure and production of the relevant references well in advance of claim construction briefing.[7] Despite Pulse's contention it was prejudiced in preparing Responsive Claim Constructions, Mascon's disorderly revelation of supporting extrinsic evidence would seem to have little, if any, effect on Pulse's ability to present its own interpretations of various patent terms. The court finds Pulse neither faces nor has faced any prejudice as a result of the reference disclosures. The court therefore **DENIES** Pulse's motion to exclude various refences. The court does note Mascon is bound by its representation and may rely only on the following properly disclosed and produced materials: 1) pages 1-22 of the Zverev reference; 2) pages 454 and 623 of the Newton reference; and 3) pages 30-32 and 654-656 of the Horowitz reference.

**2. Expert Testimony**

Pulse asks for the exclusion of testimony from Mascon's expert witness, Professor Acampora,

---

[6] In Pulse's Reply Brief, Pulse escalates its request, asking the court to exclude any reference material not cited and produced in *both* the Preliminary and Joint Claim Construction materials prepared by Mascon.

[7] Mascon notes the Preliminary Claim Construction Chart must only "provide a *preliminary* identification of extrinsic evidence." Patent L.R. 4.1b (emphasis added). A common sense reading of this rule indicates the lists are not "final" and parties may supplement them under certain circumstances (e.g. later discovery or need to counter an opposing argument). However, Mascon concedes its "preliminary" list of ten references was largely duplicative, leading the court to conclude Mascon lacked good cause for revising the listing on two subsequent occasions.

1  on the grounds Mascon did not provide a "brief description of the substance of that witness' proposed
2  testimony" in its Preliminary Claim Constructions. Mascon contends the description comported with
3  the court's rules and orders.

4        The court finds Mascon's preliminary disclosure and brief description was adequate. Pulse
5  was provided with a detailed description of the proposed testimony well in advance of the claim
6  construction briefing process. Thus, the court determines Pulse was not prejudiced in preparing its
7  Responsive Claim Constructions by Mascon's initial description. The court therefore **DENIES**
8  Pulse's motion to exclude the expert testimony of Professor Acampora.

9        **3. Alternative Claim Construction**

10       Pulse also solicits from the court an order excluding Mascon's alternate construction of the
11 term "formed of," which Mascon first revealed on the day the Joint Claim Construction materials were
12 due. Mascon argues the alternate construction, "including only the named elements and no others,"
13 has "similar meaning" to its previously disclosed construction, "consisting only of," and Pulse would
14 not be prejudiced by the court's consideration of the alternate form. (Doc. No. 26 at 9.) Pulse
15 suggests that either the alternate construction has a "similar meaning" and should be excluded as
16 redundant, or it provides new information and the tardy disclosure prejudiced Pulse's ability to address
17 the issue in its Responsive Claim Constructions. (Doc. No. 28 at 7.)

18       As with the reference and expert testimony disclosures, Pulse learned of the alternate
19 construction more than two months before the claim construction hearing, and will have every
20 opportunity to evaluate and address the proposed construction during briefing. Because Pulse has
21 failed to make a showing of prejudice, and in the interest of addressing matters on the merits, Pulse's
22 motion to exclude Mascon's alternate claim construction from the court's consideration is **DENIED**.
23 //
24 //
25 //
26 //
27 //
28 //

**IV. Conclusion**

For the foregoing reasons, the court **DENIES** Pulse's motion to exclude. (Doc. Nos. 23 and 25.)

In addition, the court hereby **SCHEDULES** a telephonic status conference for **Monday, February 9, 2009 at 11:30 a.m.** The court will address issues dealing with the Claim Construction Hearing, including the presentation of a tutorial, presentation of witnesses, and anticipated length of time necessary for hearing.

**IT IS SO ORDERED.**

DATED: February 3, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge