cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSE ENGINEERING, INC., a Delaware corporation,<br><br>             Plaintiff,<br>v.<br><br>MASCON, INC., a Massachusetts corporation dba ATW SECURITY,<br><br>             Defendants.<br>_____<br>AND ALL RELATED COUNTER-CLAIMS. | Civil No. 08cv0595 JM (AJB)<br><br>Order Denying Motion to Compel<br>[Doc. Nos. 63 and 64] |

The parties contacted the Court regarding a discovery dispute concerning the redaction of documents produced to Plaintiff by the Defendant Mascon, Inc. The parties filed letters briefs on the issue and lodged the documents with the Court. The telephonic hearing set for September 30, 2009 before Judge Battaglia is hereby vacated as this motion is appropriate for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Based upon the parties moving papers and for the reasons set forth below, the Plaintiff's motion to compel production of the unredacted emails is hereby DENIED as the Court finds the redacted portions to be protected by the work product doctrine and the disclosure of such information to Magcom employees to be covered by the common interest exception to waiver.

///

///

### *Background*

The redacted documents at issue are email communications between Alex Song, an employee of Defendant Mascon, Inc. ("Mascon") and Dennis Lee, an employee of Magnetic Communications ("Magcom"), a third party manufacturer that supplies alarm filters to Mascon. Mascon then sells the alarm filters under the name "DSL 500". It is these alarm filters that are accused of infringement in the instant case. The emails at issue are to and from Mr. Song, who Defendant contends was working with litigation counsel and were sent in the Fall of 2008, after initiation of the this litigation. The redacted content pertains to the DSL 500 filter and the current litigation. The email communications between Mr. Song and Mr. Lee were also received by three other employees of Mascon and two other employees of Magcom. The Defendant contends that the redacted material expressly refers to litigation counsel's thoughts or actions as conveyed to Mr. Song and therefore falls within the scope of materials prepared in anticipation of litigation or trial and are protected work product. Alternatively, the Plaintiff contends that any privilege associated with these communications was waived when they were disclosed to Magcom, a third party supplier that shares only a commercial relationship with the Defendant.

### *Discussion*

The instant discovery dispute raises two issues: 1) whether the redacted emails would qualify for protection under the work product doctrine, and 2) whether the common interest exception to waiver is applicable. Since the common interest doctrine is an anti-waiver exception, it comes into play only if the communications at issue are privileged in the first instance.

### *I. The Work Product Doctrine*

The work product doctrine provides a qualified immunity for materials prepared in anticipation of litigation by a party, an attorney, or other representatives of the party. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In an effort to address the inconsistent opinions in federal courts after *Hickman*, in 1970, the Supreme Court adopted Federal Rule of Civil Procedure 26(b)(3), which provides in relevant part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the

    preparation of the party's case and that the party is unable without undue
hardship to obtain the substantial equivalent of the materials by other
means. Fed.R.Civ.P. 26(b)(3); *see also* 1997 Advisory Committee Notes,
Rule 26(b)(3).

  Pursuant to Fed.R.Civ.P. 26(b)(3), the following conditions must be satisfied by the proponent in order to establish work product protection: (1) the material must be a document or tangible thing; (2) it must be prepared in anticipation of litigation; and (3) it must be prepared by or for a party, or by or for its representative. *See, e.g. Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d.Cir.2000). "[T]here is no work product immunity for documents prepared in the ordinary course of business prior to the commencement of litigation." *Tayler v. Travelers Ins. Co.*, 183 F.R.D. 67, 70 (N.D.N.Y.1998).

  There are two types of work product recognized, ordinary work product and opinion work product. Generally, opinion work product, including the mental impressions, conclusions, opinions, or legal theories of an attorney, is entitled to nearly absolute protection. *Holmgren v. State Farm Mutual Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir.1992) (holding that opinion work product is entitled to nearly absolute protection with limited exceptions). Ordinary work product, by contrast, is subject to disclosure upon a showing by the party seeking discovery of substantial need and an inability to obtain the materials by other means. *See Upjohn*, 449 U.S. at 401, 101 S.Ct. 677 (declining to decide whether opinion work product is entitled to absolute protection but recognizing that ordinary work product is discoverable upon a showing of substantial need and inability to obtain materials without undue hardship). The burden of establishing protection of materials as work product is on the proponent, and it must be specifically raised and demonstrated rather than asserted in a blanket fashion. *See Holmes*, 213 F.3d at 138; *Shiner v. Am. Stock Exch.*, 28 F.R.D. 34, 35 (S.D.N.Y.1961); *Tayler*, 183 F.R.D. at 69.

  In the instant case, the Defendant, Mascon, contends that the redacted emails are protected work product. The Defendant argues that the emails were sent to and from Alex Song, a Mascon employee working with litigation counsel regarding the DSL 500 alarm filter that was developed and manufactured by Magcom and alleged to infringe by the Plaintiff in this case. The Defendant contends that the redacted portions of the emails refer directly to litigation counsel's thoughts and/or actions regarding the DSL 500 alarm filter, which were communicated to Mr. Song. As such, the

communications would satisfy the requirements of Fed. R. Civ. P. 26(b)(3), to establish work product protection because: (1) the emails are a document or tangible thing; (2) the emails were prepared in anticipation of litigation; and (3) the emails were prepared by or for a party, or by or for its representative. *See, e.g. Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d.Cir.2000).

## II. Waiver and the Common Interest Doctrine

The second issue raised in the parties' letter briefs is whether or not there was a waiver of the work product doctrine by the Defendant as a result of the communication of the information to a third party. The Defendant contends that the common interest exception to the rule on waiver applies because: 1) the emails were sent after the initiation of the instant litigation alleging infringement by the alarm filters; and 2) the Defendant Mascon and the third party Magcom share a common legal interest in the DSL 500 alarm filter that is alleged to infringe by the Plaintiff, because it was developed and manufactured by Magcom and purchased by Defendant Mascon.

Alternatively, the Plaintiff argues that the common interest doctrine does not apply because: 1) the relationship between Defendant Mascon and third party Magcon is purely commercial in nature; 2) the Defendant Mascon previously characterized its relationship with Magcom as supplier-customer in response to the Plaintiff's request to depose individuals at Magcom and to allow the Defendant to now change this characterization of the relationship would unfairly prejudice the Plaintiff; and 3) that the overriding purpose of the communications was the re-design of a commercial product, not the present litigation and such joint business strategies that happen to include as one of its elements a concern about litigation is not sufficient to invoke the exception.

The common interest doctrine[1] is not a privilege in and of itself, rather, it constitutes an exception to the rule on waiver where communications are disclosed to third parties. *See United States v. Bergonzi*, 216 F.R.D. 487, 495-96 (N.D.Cal.2003) (discussing "the common interest exception to waiver of the attorney-client/work product privilege"). "The common interest privilege ... applies where (1) the

---

[1]

communication is made by separate parties in the course of a matter of common [legal] interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived."[2]

The Plaintiff's contention that the common interest exception should not apply in the instant case because the commercial nature of the communications predominates and any concern about litigation is ancillary is not supported by the documents lodged with this Court. The Court has reviewed the parties arguments and the unredacted emails lodged with chambers and while the Court agrees with Plaintiff that there is a commercial interest that exists between the Mascon and Magcom, the inquiry does not end there. The existence of a commercial interest does not preclude the exist on a common legal interest sufficient to invoke the common interest exception to waiver. Review of the emails indicates action and various tests being conducted by Magcom at the request of Mascon litigation counsel due to the pending litigation. Furthermore, the common interest doctrine protects communications made when a nonparty sharing the client's interests is present at a confidential communication between attorney and client and this is precisely what happened in one of the emails at issue which references a conference call between Mascon's employees and litigation counsel and Magcom employees discussing the infringing device. *See United States v. Zolin*, 809 F.2d 1411, 1417 (9th Cir.1987) overruled on other grounds by *United States v. Jose*, 131 F.3d 1325 (9th Cir.1997).

Furthermore, "[t]he work product privilege should not be deemed waived unless disclosure is inconsistent with maintaining secrecy from possible adversaries." *Stix Prods. v. United Merchants & Mfrs.*, 47 F.R.D. 334, 338 (S.D.N.Y.1969). "The work product privilege is not automatically waived by any disclosure to third persons. Rather, the courts generally find a waiver of the work product privilege only if the disclosure 'substantially increases the opportunity for potential adversaries to obtain the information.' " *In re Pfizer Inc. Sec. Litig.*, No. 90 Civ. 1260, 1993 WL 561125, at *6 (S.D.N.Y. Dec.23, 1993) (quoting *In re Grand Jury*, 561 F. Supp. 1247, 1257 (E.D.N.Y.1982)) (internal citation omitted). Implicit in this analysis is the question of whether the third party itself can or should be considered an adversary. Accordingly, courts have generally held that where the disclosing party and the third party share a common interest, there is no waiver of the work product privilege. *E.g., id.* ("Disclosure of work

---

[2] Id. at 495; *Burroughs v. DeNardi*, 167 F.R.D. 680, 685 (S.D. Cal.1996); *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir.1990); *Killebrew v. City of Greenwood*, 1997 WL 208140, at *2, 1997 U.S. Dist. Lexis 10065, at *5 (N.D. MS 1997).

product to a party sharing common interests is not inconsistent with the policy of privacy protection underlying the doctrine."); *see also In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 221 n. 6 (S.D.N.Y.2001) (same).

It is clear from the record that Mascon and Magcom share a common interest with regard to the alleged infringing device, and Magcom's close relationship to the Defendant and the suit at bar must be recognized. *Works Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551 (N.D. Ill., 1964). In this setting of joint analysis of the accused device by the customer and manufacturer in the midst of patent infringement litigation, the parties common legal interest predominates. *First Pacific Networks, Inc. v. Atlantic Mut. Ins. Co.*, 163 F.R.D. 574, 581 (N.D. Cal.,1995).

## *Conclusion*

Based upon the foregoing and for the reasons set forth herein, Plaintiff's motion to compel production of the unredacted emails is hereby DENIED as the Court finds the redacted portions to be protected by the work product doctrine and the disclosure of such information to Magcom employees to be covered by the common interest exception to waiver.

IT IS SO ORDERED.

DATED: October 1, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court